# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JACQUELINE PAYNE** <br> 2191 Twin Circle Dr. #D <br> Twinsburg, OH 44087 <br><br> Plaintiff, <br><br> v. <br><br> **OFFICER MICHAEL KREJCI**, <br> individually, <br> c/o Twinsburg, Ohio Police Department, <br> 10075 Ravenna Rd, Twinsburg, <br> Twinsburg, OH 44087, <br><br> and <br><br> **OFFICER DANIEL FIDOE**, <br> individually, <br> c/o Twinsburg, Ohio Police Department, <br> 10075 Ravenna Rd, Twinsburg, <br> Twinsburg, OH 44087, <br><br> and <br><br> **CITY OF TWINSBURG, OHIO** <br> c/o Ted Yates, Mayor <br> 10075 Ravenna Rd, Twinsburg, <br> Twinsburg, OH 44087, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO. <br><br> JUDGE <br><br><br> **COMPLAINT** <br><br><br> (Jury Demand Endorsed Hereon) |

## PARTIES AND JURISDICTION

1.  Plaintiff Jacqueline Payne is, and at all time relevant to this Complaint, was a resident of Twinsburg, Ohio.

2.  Defendant City of Twinsburg, Ohio is a municipality organized and existing under

the Constitution and laws of the State of Ohio.

3. Defendants Michael Krejci and Daniel Fidoe are and, at all times relevant to this Complaint, were employed by Defendant City of Twinsburg, Ohio as police officers. They are sued in their individual capacities.

4. This action seeks compensatory and punitive damages to redress violations of Plaintiff Jacqueline Payne's rights secured under the First, Fourth, and Fourteenth Amendments to the United States Constitution, the laws of the United States, and of the State of Ohio.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, this being a civil action arising under the Constitution and the laws of the United States.

6. Jurisdiction is also conferred upon this Court by 28 U.S.C. §1343(a)(1),(3) and (4), 28 U.S.C. §§2201 and 2202 and 42 U.S.C. §§1983 and 1988, this being a suit for compensatory and punitive damages and attorneys' fees authorized by law to be commenced by a citizen of the United States to redress deprivations under color of law of rights, privileges, and immunities secured by the Constitution of the United States. Jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. §1367.

7. At all times relevant to this Complaint, and in taking all of the actions and in engaging in all of the conduct described in this Complaint, Defendants Krejci and Fidoe acted under the color of state law and as employees, servants, agents and representatives of the City of Twinsburg, and were effecting the custom, practices, and policies of the City of Twinsburg, Ohio.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

8. Plaintiff resides at 2191 Twin Circle Rd., unit #D, Twinsburg, Ohio 44087 with her youngest child.

9. On Thanksgiving day, November 24, 2016, Plaintiff had invited her family, including her two daughters, her son, and her 75–year–old father, to her home to celebrate the holiday. That morning, Plaintiff began food preparations and left briefly to get additional food for Thanksgiving dinner from her mother, who lives nearby. Plaintiff returned to her home shortly before 1:00 p.m..

10. Minutes after arriving home, Plaintiff heard banging on her door, and in response, she looked through the blinds on her window to see who was at her door. She saw several police officers and several police cars outside. Two of the officers, Defendant Krecji and Defendant Fidoe, were at her door and summoned her to "come here."

11. Plaintiff opened the door and asked, "What's going on?" Defendants Krejci and Fidoe told Plaintiff that her son had punched someone in the face. Plaintiff expressed surprise and told Defendants that she had just arrived home. Defendant Fidoe told Plaintiff, they were coming in the house to see if her son was inside and told her that if they found she was lying to them, Defendants would arrest her, too.

12. Plaintiff told Defendants because they did not have a warrant, they could not enter her home. She explained that it was Thanksgiving and she was expecting her elderly father to be arriving any minute. Plaintiff again told Defendants she had just gotten home. Defendant Krejci told Plaintiff the officers did not need a warrant to come into her home, and they had every right to come into her home. Plaintiff again stressed that Defendants did need a warrant to enter her home.

13. Defendants told Plaintiff to step out or that they were going to pull her out. Plaintiff repeated a third time that the Defendants needed a warrant to enter her home. Defendants once again insisted they did not need a warrant. Plaintiff explained to them that her son was not on the lease and that it was her home. Defendant Krejci told Plaintiff "to come out" and to let them check inside.

3

Plaintiff refused, told Defendants they were not coming in her home, and began to close the door.

14. In response, Defendants seized Plaintiff, pushed inside her home, placed her in handcuffs, and told her that she was under arrest. Plaintiff begged them to stop, that she was cooking Thanksgiving for her dad. Defendants told her that she was going to jail.

15. Defendants placed Plaintiff in a police cruiser, confined her there, and re-entered and walked through her home. At no time did Plaintiff consent to Defendants' entry into her home.

16. During Defendants' altercation with Plaintiff, Plaintiff's son appeared. Defendants arrested him as well and placed him in another police cruiser.

17. Defendant Krejci drove Plaintiff to Solon Jail where she was charged with obstructing official business, a misdemeanor of the second degree, and resisting arrest, another misdemeanor of the second degree.

18. Plaintiff was booked, photographed, and a ten percent bond was set at $2,500. She spent the rest of Thanksgiving afternoon in jail.

19. Plaintiff's daughter eventually arrived and posted bail to secure her mother's release from jail.

20. Plaintiff, a home health care provider employed through the Ohio Department of Developmental Disabilities, was contacted by that agency and was required to account for the criminal proceedings filed against her.

21. Plaintiff was forced to hire an attorney and defend herself in the criminal action. She entered a plea of not guilty. On January 17, 2017, the charges against her were dismissed.

22. After the case against her was dismissed, Plaintiff filed a motion to have the record sealed and incurred additional fees.

**COUNT ONE**

23. Plaintiff incorporates paragraphs 1 through 22 of her Complaint as if fully rewritten.

24. Defendants' conduct, in entering Plaintiff's home without a warrant, and Defendants' conduct in arresting Plaintiff without probable cause, without a warrant and without any other legal justification, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article I, § 14 of the Ohio Constitution.

25. Defendants' conduct was deliberate, willful, wanton, and malicious and in reckless disregard of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

26. As a direct and proximate result of Defendants' conduct, Plaintiff experienced pain and suffering and emotional distress, anguish and humiliation, damage to her reputation with her employer and others, and will continue to suffer emotional distress, anguish and humiliation in the future, she was deprived of her liberty, incarcerated, prosecuted and incurred legal expenses and attorney fees and suffered the deprivation of her constitutional rights.

**COUNT TWO**

27. Plaintiff incorporates paragraphs 1 through 26 of her Complaint as if fully rewritten.

28. Defendants' conduct in unlawfully arresting Plaintiff in retaliation for her constitutionally protected speech, consisting of advising them that they needed a warrant to enter her home and refusing to consent to allow their entry, violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

29. Defendants' conduct was deliberate, willful, wanton and malicious and in reckless disregard of Plaintiff's rights secured by the First and Fourteenth Amendments to the United States

Constitution.

30. As a direct and proximate result of Defendants' conduct, Plaintiff experienced pain and suffering and emotional distress, anguish and humiliation, damage to her reputation with her employer and others, and will continue to suffer emotional distress, anguish and humiliation in the future, she was deprived of her liberty, incarcerated, prosecuted and incurred legal expenses and attorney fees and suffered the deprivation of her constitutional rights.

## COUNT THREE

31. Plaintiff incorporates paragraphs 1 through 30 of her Complaint as if fully rewritten.

32. Defendants' conduct, in unlawfully restraining and confining Plaintiff against her will and unlawfully depriving her of her liberty, constituted false arrest and false imprisonment.

33. Defendants' conduct was deliberate, willful, wanton, and malicious and in reckless disregard of Plaintiff's rights secured by the laws of the State of Ohio.

34. As a direct and proximate result of Defendants' conduct, Plaintiff suffered pain and suffering and emotional distress, anguish and humiliation and will continue to suffer emotional distress, anguish and humiliation in the future, she was deprived of her liberty, incarcerated, prosecuted and incurred legal expenses and attorney fees.

## COUNT FOUR

35. Plaintiff incorporates paragraphs 1 through 34 of her Complaint as if fully rewritten.

36. Defendants' conduct, in intentionally entering Plaintiff's home without her consent constituted a trespass upon Plaintiff's property.

37. Defendants' conduct was deliberate, willful, wanton, and malicious and in reckless disregard of Plaintiff's rights.

38. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the deprivation of her rights secured by the laws of Ohio, including but not limited to the right to quiet and peaceful possession, enjoyment and use of her property.

## COUNT FIVE

39. Plaintiff incorporates paragraphs 1 through 38 of her Complaint as if fully rewritten.

40. Defendants' conduct, in instituting and continuing criminal proceedings against Plaintiff without probable cause and proceeding to prosecute Plaintiff without facts that warranted a prosecution, constituted malicious prosecution.

41. Defendants' conduct was deliberate, willful, wanton, and malicious and in reckless disregard of Plaintiff's Fourth Amendment rights.

42. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the deprivation of her rights secured by the laws of Ohio, suffered emotional distress, anguish and humiliation and will continue to suffer emotional distress, anguish and humiliation in the future, she was deprived of her liberty, incarcerated, prosecuted and incurred legal expenses and attorney fees and suffered the deprivation of her constitutional rights.

## COUNT SIX

43. For her state law claim of malicious prosecution, Plaintiff incorporates paragraphs 1 through 42 of her Complaint as if fully rewritten.

44. Defendants' conduct, in instituting and continuing criminal proceedings against Plaintiff without probable cause and proceeding to prosecute Plaintiff without facts that warranted a prosecution, constituted malicious prosecution.

45. Defendants' conduct was deliberate, willful, wanton, and malicious and reckless.

46. As a direct and proximate result of Defendants' conduct, Plaintiff suffered pain and suffering and emotional distress, anguish and humiliation and will continue to suffer emotional distress, anguish and humiliation in the future, she was deprived of her liberty, incarcerated, prosecuted and incurred legal expenses and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief:

Judgment against all defendants, jointly and severally, for compensatory damages, in the sum of $500,000; and,

Judgment against all defendants, except the City of Twinsburg, jointly and severally, for punitive damages in the sum of $500,000; and

An award of costs plus interest and expenses of maintaining this action, including Plaintiff's reasonable attorneys' fees, as well as any other relief the Court deems just and equitable.

/s/J. Michael Murray
J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE R. BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
WILLIAM C. LIVINGSTON (0089538)
wlivingston@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio 44113-1949
(216) 781-5245
(216) 781-8207 (fax)

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury with the maximum number of jurors allowed by law.

    /s/ J. Michael Murray
J. MICHAEL MURRAY (0019626)
jmmurray@bgmdlaw.com
LORRAINE R. BAUMGARDNER (0019642)
lbaumgardner@bgmdlaw.com
WILLIAM C. LIVINGSTON (0089538)
wlivingston@bgmdlaw.com
BERKMAN, GORDON, MURRAY & DeVAN
55 Public Square, Suite 2200
Cleveland, Ohio 44113-1949
(216) 781-5245
(216) 781-8207 (fax)

Attorneys for Plaintiff